UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NOEL D. CLARK, JR.,
individually,

    Plaintiff,

v.                                                      Case No.:  2:22-cv-229-SPC-MRM

HERCULES, INC., ASHLAND
GLOBAL HOLDINGS, INC.,
BLAZER INC., GUILLERMO
NOVO, RAYMOND L. WILLIAMS,
STEVE M. LUCKS and ZACK
SILVERMAN,

    Defendants.
_____/

## **ORDER**[1]

Before the Court are several Motions.  The Court takes each in turn. Because the Court writes for the parties—who are familiar with the facts and issues—it only includes what is necessary to explain the rulings below. Considering Plaintiff is pro se, the Court liberally construes his filings.  *United States v. Cordero*, 7 F.4th 1058, 1068 n.11 (11th Cir. 2021).  And as with all pro

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

se litigants, the Court encourages Plaintiff to retain counsel or (at a minimum) consult the Court's Guide for Proceeding Without a Lawyer.[2]

First, the Court denies two Motions. The parties each filed Amended Motions, so their original filings are moot (Docs. 12; 39).

Second, Plaintiff moves to consolidate this case with one assigned to Judge Badalamenti (*Clark v. Hercules Inc.*, No. 2:22-cv-00261-JLB-NPM (M.D. Fla.)). The Court denies without prejudice.

Federal courts may consolidate actions with common issues of law or fact. Fed. R. Civ. P. 42(a). Local Rule 1.07(b) explains the process for consolidating cases in the Middle District. But that Rule only contemplates consolidation of cases assigned to the same judge. *See* Local Rule 1.07(b) (addressing "actions assigned to a judge" and empowering "[t]he judge" to consolidate); *Shen Yi, LLC v. Deutsche Bank Nat'l Tr. Co.*, No. 2:21-cv-66-NPM, 2021 WL 2592504, at *1 (M.D. Fla. June 24, 2021). Again, the case Plaintiff wants consolidated is before Judge Badalamenti. So the Court cannot consolidate right now.

Before seeking consolidation, Plaintiff would need to follow the transfer procedure set out in Local Rule 1.07(a)(2)(B). This provision allows a party to seek transfer of a related, second-filed case to the same judge as the first-filed

---

[2] *Available at*, https://www.flmd.uscourts.gov/sites/flmd/files/documents/flmd-guide-for-proceeding-without-a-lawyer.pdf.

2

case. But to do so, the party "must file the motion in the later-filed action." Local Rule 1.07(a)(2)(B). And the transferor judge (here, Judge Badalamenti) would "resolve the motion to transfer." *Id.* If Judge Badalamenti transferred the second-filed case, then Plaintiff could seek consolidation here. Until that happens, the Court is powerless to consolidate. *E.g.*, *Kenny v. Deutsche Bank Nat'l Tr. Co.*, No. 2:21-cv-9-SPC-NPM, 2021 WL 1238402 (M.D. Fla. Apr. 3, 2021) ("Yet the Court does not have the power to simply pluck cases away from other federal judges around Florida.").

So the Court denies the Amended Motion to Consolidate for now.

And third, Defendants have an Amended Motion to Dismiss pending (Doc. 13), which Plaintiff moves to strike (Doc. 28). But the Court will not address them today because Plaintiff also has an opposed Motion to Amend pending (Doc. 48)—which might render the dispositive motions moot. After Judge McCoy rules on the Motion to Amend, the Court will address the dispositive motions as necessary.

Accordingly, it is now

**ORDERED:**

1. Defendants' Motion to Dismiss (Doc. 12) is **DENIED as moot**.
2. Plaintiff's Motion to Consolidate Cases (Doc. 39) is **DENIED as moot**.

3. Plaintiff's Amended Motion to Consolidate Cases (Doc. 41) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida on June 23, 2022.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record